UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-90-F1
No. 7:12-CV-225-F

| | |
|---|---|
| CLYDE DIAL, JR, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 [DE-63]. The Petitioner, Clyde Dial Jr. ("Dial"), contends that his Armed Career Criminal Act sentence, 18 U.S.C. § 924(e), should be vacated because the convictions used to apply the enhancement no longer qualify as felonies in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). *See* Motion [DE-63-3] at 2-4. The Government has filed a motion to dismiss, arguing that Dial waived his right to file a § 2255 motion in his plea agreement and, alternatively, that the petition is barred by the statute of limitations. Motion to Dismiss [DE-71] at 3-4. The Government's motion to dismiss is ALLOWED and the petition is DISMISSED.

**BACKGROUND**

On October 31, 2002, Dial pled guilty pursuant to a written plea agreement to one count of distribution of at least 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, Dial expressly waived his right to challenge his conviction or sentence

under 28 U.S.C. § 2255. Nevertheless, the Federal Public Defender has filed a § 2255 petition on Dial's behalf, arguing that the issues raised in the petition fall outside the scope of the waiver.

Dial was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which provides for substantial sentencing enhancements for defendants convicted of being a felon in possession of a firearm and who have three prior convictions for violent felonies or serious drug offenses. His sentence on the felon in possession count, after applicable reductions, was 176 months. His sentence on count one, distribution of cocaine base, was also 176 months and the court ordered that the sentences should run concurrently. Dial's motion to vacate does not implicate the sentence he received on count one, which is unaffected by his ACCA status. Thus, if the court vacates the ACCA sentence on count three, Dial may still have to serve the same sentence because he received a concurrent 176-month sentence on count one.

However, Dial's motion to vacate the ACCA sentence associated with the felon in possession count is not a wholly academic exercise. If the court vacates the ACCA sentence, Dial may be eligible for a sentence reduction on the cocaine distribution charge under 18 U.S.C. § 3582(c). Section 3582(c) provides a mechanism in some cases for retroactive application of amendments to the sentencing guidelines passed after a defendant's sentencing. *Id.* However, relief under § 3582 is not available where the amendment does not have the effect of lowering a defendant's guideline range. U.S.S.G. § 1B1.10. Currently, Dial is ineligible for relief under § 3582 because his armed career criminal status (and, therefore, his concurrent sentence on count three) are not affected by the amendments to the guidelines. However, in the event the court vacates the armed career criminal sentence, the amendment may have the affect of lowering Dial's guideline range.

2

According to defense counsel (and the court assumes this is true for purposes of deciding the motion to vacate), were it not for the armed career criminal designation, Dial would be eligible for an approximate five-year sentence reduction under § 3582(c) on count one. Under counsel's view of the record, Dial would likely be eligible for immediate release if the court vacates the ACCA sentence and awards the § 3582(c) reduction. The problem with Dial's position is that he waived his right to collaterally attack his conviction in the plea agreement, the Government seeks to enforce the waiver in these circumstances and the issues presented in Dial's petition fall squarely within the scope of the waiver.

## DISCUSSION

**A. Waiver**

Dial's plea agreement, which he signed and affirmed under oath in open court, contains the following language:

> [The Defendant agrees] [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline Range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Mem. of Plea Agreement [DE-16] at 2. The Government requests that the court dismiss the petition pursuant to this waiver.[1] Dial, through counsel, maintains that his petition does not fall

---

[1] In somewhat similar circumstances, the Fourth Circuit recently held that a defendant sentenced pre-*Simmons* as a career offender but who post-*Simmons* could not be so designated resulted in a "fundamental miscarriage of justice" warranting equitable tolling of the statute of limitations and habeas relief on the merits. *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). The court vacated the sentence and remanded for resentencing without the career offender designation. *Id.* at 555. [cont.]

3

within the scope of the waiver because Dial could not possibly have anticipated the dramatic changes in sentencing law precipitated by *Simmons* when he executed the waiver.

Challenges to plea agreement waivers of appellate and habeas rights are common in criminal cases, in both direct appeals and § 2255 petitions. *See, e.g.*, *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005); *United States v. Attar*, 38 F.3d 727 (4th Cir. 1994); *United States v. Marin*, 961 F.2d 493 (4th Cir. 1992); *Braxton v. United States*, 358 F. Supp. 2d 497 (W.D. Va. 2005). Generally, the challenges take one of two forms: (1) a challenge to whether the waiver was entered into knowingly and voluntarily and (2) whether the issues raised in the petition or appeal fall within the scope of the waiver. *See Lemaster*, 403 F.3d at 220 & n.2. With respect to the second category, the Fourth Circuit has identified a "narrow class of claims" that fall outside the scope of a general waiver and that defendants may therefore pursue on appeal. *Id.* at 220 n.2. This narrow class of claims includes claims based on ineffective assistance of counsel, claims that the sentence imposed was in excess of the maximum prescribed by statute,[2] or claims that the sentence was based on a constitutionally impermissible factor such as race. *Id.*; *Attar*, 38 F.3d at 732; *Marin*, 961 F.2d at 496.

---

One difference between this case and *Whiteside* is that the plea agreement waiver in *Whiteside* was ambiguous, and the Fourth Circuit held that Whiteside's waiver was therefore unenforceable. Here, the waiver in this case is not ambiguous and the Government seeks to enforce it. Nothing in the *Whiteside* opinion suggests that an unambiguous plea agreement waiver should not be enforced in these circumstances.

[2] Although counsel does not raise this argument, the court notes Dial does not fall within this exception to the appellate waiver. The theory that an ACCA sentence falls outside the scope of the waiver because it provides for a sentence "in excess of the maximum prescribed by statute" for being a felon in possession of a firearm has been generally rejected by the appellate courts. *See United States v. McGee*, 516 F. App'x 515, 519-21 (6th Cir. 2013); *United States v. Haskins*, 198 F. App'x 280, 281 (4th Cir. 2006).

Dial presents no argument that the waiver was not knowing and voluntarily made. Instead, his brief is based on the theory that his challenge falls outside the scope of the waiver. Dial argues that his *Simmons* challenge should fall outside the scope of the waiver because he could not "reasonably have foreseen this watershed change in precedent" when he accepted the plea agreement. Resp. in Opp'n to Government's Mot. to Dismiss [DE-72] at 3.

In *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), the Fourth Circuit rejected the precise argument Dial advances here. In *Blick*, the defendant sought to raise a *Booker* challenge[3] to his sentence on direct appeal, arguing that his challenge fell outside the scope of the appellate waiver in his plea agreement because *Booker* had not been decided at the time he entered into his plea agreement. *Id.* at 171. The Fourth Circuit rejected "Blick's contention that he could not have knowingly waived his rights under *Booker* . . . because that case had not been decided when he entered into the plea agreement." *Id.* at 170. The Fourth Circuit reasoned that "[a]lthough the law changed after Blick pled guilty, his expectations (as reflected in the plea agreement) [that he would be sentenced in accordance with applicable law as it stood at the time of his sentencing] did not. *Id.* at 173; *see also United States v. Lockett*, 406 F.3d 207, 214 (3d Cir. 2005) ("The record reflects that Lockett knowingly and voluntarily bargained for his plea agreement. He cannot now ask to re-bargain the waiver of his right to appeal because of changes in the law."); *United States v. Killgo*, 397 F.3d 628, 629 n.2 (8th Cir. 2005) ("The fact that Killgo did not anticipate the *Blakley* or *Booker* rulings does not place the issue outside the scope of his waiver."). Thus, contrary to Dial's argument, the Fourth Circuit has squarely held that the

---

[3] In *United States v. Booker*, the Supreme Court held that the United States Sentencing Guidelines were not mandatory. 543 U.S. 220 (2005).

5

appellate waiver (and, by extension, the collateral attack waiver) generally bars Defendants from challenging their sentence on the basis of subsequently-decided law.

Defense counsel focuses on one sentence from *Blick* which at first glance appears to lend some support to Dial's argument: "[i]n both of those cases [where the defendants successfully argued the issues on appeal fell outside the scope of the waiver], the errors allegedly committed by the district courts were errors that the defendants could not have reasonably contemplated when the plea agreements were executed." *Blick*, 408 F.3d at 172. Of course, Dial could not have reasonably contemplated that nine years after his sentence the convictions used to establish his armed career criminal status would no longer be considered felonies for purposes of the enhancement.

Dial takes this sentence entirely out of context. The next two sentences in the Fourth Circuit opinion read as follows:

> Thus, it was not reasonable (or fair) to say that in agreeing to waive their appeal rights, the *Attar* defendants were agreeing to be sentenced without counsel, or Broughton–Jones was agreeing to be sentenced to an unauthorized restitution order. That simply was not part of the bargain they struck with the United States.

*Id.* The sentence Dial relies on must be read in conjunction with the two sentences quoted above. Read in context, the phrase "errors that the defendants could not have reasonably contemplated" refers to violations of constitutional or statutory rights which were firmly established at the time the defendant entered into the agreement. For example, the *Attar* defendants complained that they were denied effective assistance of counsel at their sentencing proceedings in violation of the Sixth Amendment. *United States v. Attar*, 78 F.3d 727, 732-33 (4th Cir. 1994). That right was firmly established at the time they executed their appellate waivers and the defendants "could not have reasonably contemplated" that they would be denied their established Sixth

6

Amendment rights at the time they entered their plea agreements or that the plea agreement waiver would render the issue immune from appellate review. Similarly, the defendant in *United States v. Broughton-Jones*, 71 F.3d 1143 (4th Cir. 1995) (the other case referenced in the language quoted above), could not have reasonably contemplated at the time she entered into the plea agreement that she would be sentenced in violation of the restitution statute applicable at the time of her sentence. *Id.* at 1146-47. In short, defendants who enter into appellate or collateral attack waivers are entitled to expect that the court will not commit a blatant violation of established constitutional or statutory law at the time of their sentencings, and, if they do, that the waiver will not bar review of their claims. However, they are not entitled, as Dial attempts to do in this case, to knowingly and voluntarily enter an appellate waiver, receive a sentence that fully complies with the law applicable at the time of the sentencing, and then, when that law changes, argue that the issue falls outside the scope of the waiver because they could not reasonably have contemplated the change in the law. *See Blick*, 408 F.3d at 173 ("Thus, at the time [Blick] entered the plea agreement, both Blick and the United States expressly contemplated and agreed that he would be sentenced in exactly the manner in which he was, in fact, sentenced: the *pre-Booker* Guidelines system. Although the law changed after Blick pled guilty, his expectations (as reflected in the plea agreement) did not."). Dial's theory renders the collateral attack waiver virtually meaningless in the context of subsequently-decided law, thereby depriving the Government of one of the benefits of its bargain.

As in *Blick*, Dial received a number of benefits from the plea agreement, including the Government's agreement to dismiss two charges and a sentence using the drug amount he

7

stipulated to in the plea agreement.[4]  In exchange, he knowingly waived his right to challenge his sentence under § 2255.  Refusing to enforce the waiver in these circumstances deprives the Government of the benefit of its bargain.  *Blick*, 408 F.3d at 173.   Because Dial knowingly and intelligently waived his right to collaterally attack his conviction and his challenge does not fall outside the scope of the waiver, his motion to vacate his sentence is DENIED.

**B.  Certificate of Appealability**

Having denied Dial's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability.  Under § 2253(c),

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

*Id.*  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the court finds that Dial has not met the standard for issuance of a certificate of appealability.  Therefore, a certificate of appealability also is DENIED.

---

[4] It bears mentioning that the presentence report found Dial responsible for 3,458 grams of crack cocaine under the relevant conduct rules.  However, the court sentenced Dial on the basis of the 50 to 150 grams he stipulated to in the plea agreement.  Were it not for the plea agreement, Dial's sentence on the cocaine distribution count likely would have been significantly longer.

## CONCLUSION

Dial's motion to vacate under § 2255 is DENIED and the petition is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 18th day of June, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge